UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
HUAYUAN CHEN,

                                Plaintiffs,        **ORDER**
                                                         CV 15-6698 (JMA)(AYS)

      -against-

STONY BROOK UNIVERSITY
ADVANCEMENT et al.,

                     Defendants.
---------------------------------------------------X

**SHIELDS, Magistrate Judge,**

This is an employment discrimination case. Plaintiff, a 49-year-old Asian woman, asserts claims under 42 U.S.C. Section 1983, Title VII, and the New York Executive Law ("NYEL"). Plaintiff claims she was subjected to discrimination based on her age and national origin. According to Plaintiff, the alleged discrimination culminated with her unlawful termination on November 5, 2014. See Amended Complaint ("Am. Compl."), Docket Entry ("DE") 14. Plaintiff seeks actual, compensatory, and punitive damages, including damages for lost wages.

Presently before the Court is Defendants' letter motion seeking to compel the disclosure of Plaintiff's tax returns. DE 37. For the reasons set forth below, Defendants' motion is granted to the extent that Plaintiff must produce her redacted tax returns. Plaintiff may redact all information from her tax returns that does not relate to her income or source of income.

DISCUSSION

    I.        <u>Compelling Discovery of Plaintiff's Joint Tax Return</u>

It is "well-settled that tax returns in the possession of the tax payer are not immune to civil discovery." <u>Sabatelli v. Allied Interstate, Inc.</u>, 2006 WL 2620385, at *1 (E.D.N.Y. 2006)

(internal quotation omitted). Indeed, a court may exercise its discretion in ordering the disclosure of such documents. S.E.C. v. Garber, 990 F. Supp. 2d 462, 465 (S.D.N.Y. 2014). However, "[d]iscovery of tax returns requires satisfaction of a higher standard than discovery of other documents." Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 368 (S.D.N.Y. 2010). Therefore, in civil cases a court will compel disclosure of a party's tax returns "only upon a two-part showing: '(1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not otherwise readily obtainable.'" Garcia v. Benjamin Grp. Enters., Inc., 2010 WL 2076093, at *1 (E.D.N.Y. 2010) (quoting Carmody v. Vill. of Rockville Centre, 2007 WL 2042807, at *2 (E.D.N.Y. 2007)); see also Denim Habit, LLC v. NJC Boston, LLC, 2016 WL 2992124, at *5 (E.D.N.Y. 2016).

II.    Parties' Positions

Defendants assert, and Plaintiff does not dispute, that Plaintiff's tax returns are relevant as to the issues of lost wages. The parties' dispute is limited to the issue of whether there exists a compelling need for the tax returns on the ground that the information is "not otherwise readily obtainable." Plaintiff claims to have earned no income after the termination of her employment. She has offered no evidence to support her claim other than her sworn testimony, and an offer to produce additional statements upon Defendants' request.

Defendants take the position that because Plaintiff has produced no evidence other than her unsubstantiated testimony, her tax returns must be disclosed because the information is not "otherwise readily obtainable." Defendants' Memorandum ("Def. Mem."), DE 37. Defendants therefore argue that Plaintiff's tax returns are necessary to confirm that Plaintiff's claim that she has not earned income from any employer since she left Defendant Stony Brook's employ, and

2

that she has not earned any income as a self-employed business owner. Defendants' Reply Memorandum ("Def. Reply"), DE 39.

Plaintiff argues that by providing sworn statements – and agreeing to provide additional statements – she has made her post-termination income information readily available to Defendants. Plaintiff's Memorandum in Opposition ("Pl. Mem."), DE 38. Plaintiff additionally argues that the Court should not compel the disclosure of her tax returns because 1) she filed jointly with her husband who also works for the Defendant, and she is therefore "scared of" retaliation against her husband, and 2) that the tax returns contain sensitive and confidential information unrelated to the subject matter of the instant litigation. DE 38.

III.     Analysis

Plaintiff's tax returns are relevant to her claim for lost wages. Michelman v. Ricoh Americas Corp., 2013 WL 664893, at *2 (E.D.N.Y. 2013). Indeed, both Plaintiff's income and the source of her income for the tax years of 2014 through 2016 are relevant to her claims of lost wages. Id. (citing McIntosh v. Bank of Am., 2008 WL 4501911, at *3 (W.D.N.Y. 2008). The Court further finds that Defendants' have set forth a compelling need for such returns. That is because Plaintiff has offered no other evidence other than her unsubstantiated testimony in support of her claim of lost wages. Therefore, the production of her tax returns is necessary to confirm whether Plaintiff has – or has not – received income after her employment with Defendants. See Michelman, 2013 WL 664893, at *2; see also Artica v. J.B. Custom Masonry & Concrete, Inc., 2012 WL 11945654, at *8 (E.D.N.Y. 2012) (noting that New York Law requires a Plaintiff to establish damages for lost wages "to submit W–2 forms, income tax returns, or other relevant evidence"); see also Wang v. Yum! Brands, Inc., 2007 WL 1521496, at *5 (E.D.N.Y. 2007) (collecting cases) (noting that Under New York law unsubstantiated testimony

3

is insufficient to establish damages for lost wages); Mugavero v. Arms Acres, Inc., 680 F. Supp. 2d 544, 581 (S.D.N.Y. 2010) (same).

Plaintiff is therefore directed to produce the portions of her tax returns, for the tax years 2014 through 2016, which set forth the amounts and sources of her income from wages, salaries, tips and other earned income. See Hanoch v. Janoff & Olshan, Inc., 1999 WL 262278, at *1 (S.D.N.Y. 1999) (quoting Nielsen v. Society of the New York Hospital, 1989 WL 52316, at *1 (S.D.N.Y. 1989)). However, as the tax returns may include information that is both sensitive and irrelevant to Plaintiff's claims, Plaintiff may redact all information from her tax returns that does not relate to her income or the source of her income, including information as to her husband's income. Michelman, 2013 WL 664893, at *2 (E.D.N.Y. 2013).

## CONCLUSION

For the reasons set forth above, Plaintiff is directed to produce her tax returns for 2014 through 2016, including the forms attached to her tax returns that set forth the amounts and sources of her income from wages, salaries, tips and other earned income. Plaintiff may redact all information from her tax returns that does not relate to her income or the source of her income, including information as to her husband's income. Such production shall be made by March 31, 2017.

SO ORDERED

Dated: Central Islip, New York
March 13, 2017

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge