UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HUAYUAN CHEN,

                        Plaintiff,

          -against-

STONY BROOK UNIVERSITY,
EDWARD W. TESTA, JR., &
KATHLEEN LEVINESS,
                    Defendants.
-------------------------------------------------------------X

For Online Publication Only

**ORDER**
15-CV-6698 (JMA) (AYS)

**AZRACK, United States District Judge:**

      Plaintiff Huayuan Chen ("Plaintiff") commenced this action against Stony Brook University, Edward W. Testa, Jr., and Kathleen Leviness (together "Defendants"), on November 23, 2015. (ECF No. 1.) Plaintiff alleges that she was subjected to discrimination based upon her age and national origin in violation of 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. Defendants filed a motion for summary judgment on October 7, 2019. (ECF No. 126.) On May 27, 2020, the Court referred the motion for summary judgment to Magistrate Judge Shields for a Report and Recommendation ("R&R"). (Electronic Order, 5/27/2020.) On July 20, 2020, Judge Shields issued an R&R recommending that Defendants' motion be granted. (ECF No. 134.) Plaintiff filed a timely objection to the R&R, (ECF No. 137), to which Defendants filed an opposition. (ECF No. 138.) After conducting a review of the full record (including the motion papers, R&R, objections, and opposition) and applicable law, the Court adopts Judge Shields's R&R in its entirety as the opinion of the Court.

      In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which

1

objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. I have considered all of Plaintiff's arguments and find none of them persuasive. In attempting to raise an inference of discrimination, Plaintiff's objection stresses, inter alia, that:

> Plaintiff repeatedly alleged that she was treated differently than her white counterpart, Ms. Agro, including that, despite Ms. Agro's mistakes and errors, she received high marks on her evaluations while Plaintiff received the lowest marks and was terminated. *See* Def. Ex. 61; Pl. Ex. VV. Moreover, as detailed above, Ms. Agro's delays and mistakes were even attributed to Plaintiff. (*See infra*, Sec. B.II.; *see also* Opp. Memo at 8, 16). Plaintiff, in her Opposition Memo, devoted a whole subsection to note the disparate treatment between herself and Ms. Agro. (*See* Opp. Memo at 21-23 (Section C.3)).

(Pl's Obj. at 18–19.).

The Court has examined the entire record in this case and, construing all of the evidence in the light most favorable to Plaintiff, concludes that Agro's performance did not render her similarly situated to Plaintiff. Neither Agro's performance nor any of the other circumstances concerning Agro give rise to an inference of discrimination. The evidence in the record is simply insufficient to establish a prima facie case of discrimination. Moreover, even assuming, for the sake of argument, that Plaintiff could establish a prima facie case of discrimination, after reviewing all of the evidence, it is clear to the Court that a reasonable jury could not ultimately find—based on all of the evidence, including the evidence concerning Argo—that the decision not to renew Plaintiff's contract was discriminatory.

Based on the foregoing, the Court adopts Judge Shields's R&R in its entirety as the opinion of this Court. Accordingly, Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: November 30, 2020
      Central Islip, New York

                                            /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE